### WILLIAMS v. MAYOR, ETC., OF THE CITY OF NEW YORK.

*(Supreme Court, General Term, First Department.  December 29, 1890.)*

TAXATION—ASSESSMENTS AFTER CONDEMNATION BY CITY.

Plaintiff's wharfage rights were appropriated by the city of New York, under authority of a statute for improvement of the water front, and a judgment rendered fixing his compensation at the market value of the property on the day when it was taken, with interest, and providing that, on payment of the amount, he should convey the property to the city. *Held* that, on such conveyance, plaintiff was not bound to pay taxes assessed on the property after the date when it was taken.

Submission of controversy upon statement of facts agreed on, between Henry K. S. Williams, plaintiff, and the Mayor, Aldermen, and Commonalty of the City of New York, defendants.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*William W. MacFarland*, for plaintiff.   *William H. Clark*, (*Charles Blandy*, of counsel,) for defendant.

BRADY, J.  Annexed hereto is the defendant's statement of facts, and of the question which this court is called upon to decide.  On May 1, 1881, the plaintiff owned a certain bulk-head and wharfage rights on the North river, between Twenty-Fifth and Twenty-Sixth streets, which the defendants, through the department of docks, acting under chapter 574 of the Laws of 1871, and for the purpose of carrying out a plan for the improvement of the water front of the city, wrongfully invaded and cut off.  Thereafter an agreed statement of the fact was submitted to this court on September 19, 1885, for the purpose of ascertaining what, if any, damages the plaintiff was entitled to in the premises; and on or about the first Monday of October, 1885, an interlocutory judgment was entered, decreeing that the cutting off of the plaintiff's rights was unlawful; that he was entitled to damages therefor, and it was referred to the late Hamilton Cole, Esq., to take proof as to such damages.  Thereafter, and on the 8th day of July, 1889, a final judgment was entered in the action, after the report of Mr. Cole had been made and confirmed, by which final judgment the court decreed: (1) That the market value of the plaintiff's property on May 1, 1881, and of his riparian rights, etc., was $63,000; (2) that he was entitled to compensation, and that the measure of such compensation was the market value on May 1, 1881, with interest from that date at 6 per cent.  After the costs had been taxed, and the interest calculated, a final judgment was entered as follows: "Now, on motion of MacFarland, Boardman & Platt, attorneys for the plaintiff, it is ordered, adjudged, and decreed that the plaintiff recover of the defendants the sum of $96,828.04 with $4,003.34 costs and disbursements, amounting together to the sum of $100,-831.38.  And it is further ordered, adjudged, and decreed that, upon payment of said judgment, the mayor, aldermen, and commonalty of the city of New York be entitled to all the plaintiff's rights, title, and interest in the property above described; and that, upon receiving such payment, the plaintiff is hereby required and directed to execute and deliver to said municipal corporation, with a good and sufficient bargain and sale deed, sufficient to convey and assure the same to it and to its successors and assigns forever."  On the 6th of July, 1890, the defendants paid the judgment in full.  They paid $106,-545.14, which was made up of the principal sum of $63,000 with interest and costs, and interest on the judgment from the date of the judgment on June 18, 1889, the latter date being the day first appointed for payment of the judgment, and the plaintiff executed and delivered to the defendants the deed called for in the final judgment.  At the time of the delivery of the deed, a question arose whether, under the terms of the judgment of the 8th of July, 1889, the defendants were entitled to any other than a simple bargain and sale deed.  It was claimed by the plaintiff that the defendants were not, and by the latter insisted that they were, entitled to a full warranty deed.  A

full warranty deed was, in fact, executed, but it was understood and agreed,. as a part of the submission, that the mere fact of giving such warranty shall not determine the rights of the parties upon this submission, but that the same shall be determined by the language of the final judgment of July 8, 1889. At the time of the payment of the judgment, a question of difference arose whether the plaintiff should bear and pay the sum of $674.45, that being the amount of taxes assessed against the property between May 1, 1881, the date of the trespass, and June 18, 1890, the date agreed upon for passing the title. No question arises as to the period from June 18, 1890, to July 8, 1890, when the judgment was actually paid. Defendants claim that the plaintiff could not deliver to them the deed called for by the judgment, which means a title free and clear of all incumbrances, without paying these taxes. The plaintiff claims that as said action had proceeded and been decided upon the theory that the defendants had destroyed plaintiff's bulk-head, or appropriated the same to their own use, prior to the time that any of said taxes were assessed thereon, that the taxes were unlawful, and that the plaintiff could not justly be required to pay the same in order to carry out the provisions of said final judgment. The simple question for decision by the court, therefore, upon this appeal, is whether, under the circumstances, the plaintiff, in order to comply with the provisions of the final judgment, was bound to bear and pay this $674.45, or whether the defendants should bear and pay the same.

It will have been observed that on the 1st of May, 1881, the property of the plaintiff was invaded and appropriated by the defendant, and in certain legal proceedings relative to such appropriation it was declared that he was entitled to the market value of his rights thus usurped, as they existed on that day, with interest therefrom. The effect of such declaration was that the property had been taken by the city on that day; and, having been taken and appropriated, it seems to be clear, beyond all possible dispute, that no taxes could be assessable against the plaintiff from whom it was forcibly taken at that time, who never subsequently had possession of it in consequence, and who was not regarded by the defendant as the owner of the premises at the time they were taken. A mere statement of the proposition seems to bear its answer palpably written upon it. For these reasons the plaintiff is entitled to such judgment as is provided for in the statement of facts agreed upon. Ordered accordingly. All concur.